UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THE DOC'S CLINIC, APMC

VERSUS

THE STATE OF LOUISIANA
THROUGH THE DEPARTMENT OF
HEALTH AND HOSPITALS, ET AL

CIVIL ACTION

No. 09-269-JJB

### RULING ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on defendants' motion (doc. 3) to dismiss. Plaintiff filed an opposition (doc. 5) and defendants filed a reply (doc. 10). The Court ordered supplemental briefs (doc. 11) and both parties complied (docs. 16 & 19). There is no need for oral arguments. For the following reasons, the Court GRANTS defendants' motion to dismiss, in part, and REMANDS the remaining state tort claim.

Factual Background

Beginning in 1996, plaintiff provided healthcare services to Medicaid eligible persons in the New Orleans metropolitan area.[1] As a result of a self-audit requested by the Department of Health and Hospitals ("DHH") and pursuant to a subsequent investigation, DHH requested reimbursement based on billing irregularities.[2]

---

[1] Compl. ¶ 6-7, doc. 1-2.

[2] Id. ¶ 8-12.

1

Certified copy to 19th JDC

After plaintiff disputed these irregularities, DHH allegedly threatened criminal charges and exclusion from the Louisiana Medicaid Program for five years.[3] Then, around September 2000, without providing a hearing, DHH recouped approximately $300,000.00 by withholding all payments for services performed by plaintiff.[4]

Plaintiff contested the recoupment. An administrative law judge recommended in her report that DHH erred with respect to all but a small portion of the recoupment claim.[5] DHH did not adopt the recommendation, but instead found that the recoupment decision was correct, even though it did not change any findings of fact.[6]

Plaintiff appealed DHH's ultimate decision to the 19th Judicial District Court of Louisiana, where the court found DHH's decision to be arbitrary and capricious and remanded the case for further consideration of the record.[7] A second administrative law judge found in favor of DHH; DHH's Secretary adopted that recommendation.[8] Again plaintiff appealed to the 19th Judicial District; the court affirmed DHH's decision.[9] On appeal, the First Circuit Court of Appeals of Louisiana reversed, finding that DHH's decision was arbitrary and capricious, and

---

[3] *Id.* ¶ 14-15.
[4] *Id.* ¶ 16.
[5] *Id.* ¶ 26.
[6] Compl. ¶ 26, doc. 1-2.
[7] *Id.* ¶ 27-30.
[8] *Id.* ¶ 31-33.
[9] *Id.* ¶ 37.

adopted the original administrative law judge's decision in its entirety.[10]  Finally, DHH appealed to the Louisiana Supreme Court, but the court denied the writ.[11] Thus, after all the appeals, Louisiana courts found in favor of plaintiff and awarded it the maximum attorneys' fees.[12]

Plaintiff brings suit under 42 U.S.C. § 1983 ("§ 1983"), alleging that DHH violated its constitutional rights by recouping the $300,000.00 without due process.[13]  Plaintiff also argues that DHH violated its substantive due process rights by rejecting one administrative law judge's conclusions without reviewing the record and later adopting another administrative law judge's conclusions without reviewing his decision in its entirety.[14]  Finally, plaintiff alleges malicious conduct in violation of Louisiana Civil Code, article 3492.  In response, defendants argue that plaintiff's claims are prescribed by Louisiana's one-year statute of limitations.[15]

## Analysis

Because § 1983 lacks a statute of limitations, courts look to the state's limitation period for personal injury actions.  *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985).  In accordance with Louisiana law, the Court applies a one-year limitation period.  *See* LA. CIV. CODE ANN. art. 3492; *Bourdais v. New Orleans*,

---

[10] *Id.* ¶ 39.
[11] *Id.* ¶ 40.
[12] Compl. ¶ 39, doc. 1-2.
[13] Pl.'s Opp'n Def.'s Mot. Dismiss 3, doc. 5.
[14] Pl.'s Suppl. Br. Opp'n Mot. Dismiss 3, doc. 16.
[15] Defs.'s Reply Mem. 1, doc. 10.

485 F.3d 294, 298 (5th Cir. 2007).  Here, plaintiff sued under § 1983; thus, plaintiff had one year to file his claim from the date it accrued.

A claim under § 1983 accrues when a plaintiff has "a complete and present cause of action."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (stating that the accrual date is a question of federal law).  A plaintiff's cause of action is complete and present when he knows or should have known of his injuries.  *Walker v. Epps,* 550 F.3d 407, 414 (5th Cir. 2008) (applying the "known or should have known" standard post-*Wallace*).

Here, plaintiff knew of its injuries in or about September 2000, when DHH recouped approximately $300,000.00 "without any hearing whatsoever."[16]  Plaintiff argues that it lacked a cause of action until after the final decision on whether DHH had a right to the recoupment.[17]  However, a cause of action accrues even if the full damages are not known at that time.  *Wallace*, 549 U.S. at 391.  Although plaintiff may not have appreciated the full extent of damages due to DHH's actions, plaintiff did know or should have known about the alleged injury—the due process violation—in September 2000.

As noted, plaintiff also alleges that substantive due process violations occurred when DHH reversed the first administrative law judge and affirmed the second.  Even if plaintiff can establish a prima facie substantive due process

---

[16] Compl. ¶ 16, doc. 1-2.
[17] Pl.'s Suppl. Br. Opp'n Mot. Dismiss 7, doc. 16.

claim, the latest alleged violation occurred in October 2004.[18]  Thus, plaintiff knew or should have known of its substantive due process injury as of October 2004, the latest possible accrual date.[19]  Therefore, unless the claim tolled, plaintiff had to file its claim within one year of October 2004.

To determine if a § 1983 claim tolls, the Court looks to state tolling laws, unless those laws are inconsistent with the policies underlying § 1983.  *Board of Regents v. Tomanio*, 446 U.S. 478, 488 (1980).  Under Louisiana law, the prescriptive period tolls when a party legally cannot act.  *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999).  Thus, filing "*required* exhaustion of administrative remedies" tolls prescription.  *Id.* (emphasis added).  Therefore, if plaintiff had to exhaust his administrative remedies before he could file a § 1983 claim, then the prescriptive period tolled.

Plaintiff argues that because the law provides for an administrative remedy, its claim had to pass through the administrative channels before a trial court would have subject matter jurisdiction to entertain the claim.[20]  As support, plaintiff points to *Larrieu v. Wal-Mart Stores, Inc.,* 872 So. 2d 1157, 1162 (La. App. 1st Cir. 2004).  The Court finds that *Larrieu* does not apply to the present circumstances.

---

[18] Compl. ¶ 32-34, doc. 1-2.

[19] Because the last action occurred in 2004, the Court will use that date, but the Court is not determining whether plaintiff has alleged a single injury, a series of separate acts, or injuries arising from a continuing unlawful practice.

[20] Pl.'s Suppl. Br. Opp'n Mot. Dismiss 6-7, doc. 16.

In *Larrieu* plaintiffs sued to recover tax refunds; however, state statutes set forth an administrative procedure through which a taxpayer could recover refunds. *Id.* The Louisiana First Circuit found that before plaintiffs could bring their claim to trial court, that claim first had to proceed through administrative proceedings. *Id.*

*Larrieu* affirms that a plaintiff cannot initiate a claim in trial court when statutes provide administrative remedies for that same claim. *Id.* Here, however, plaintiff is asserting a different claim; one that need not first proceed through administrative remedies. Plaintiff's original, administrative action sought review of DHH's decision to withhold $300,000.00 as recoupment; however, under the present action, plaintiff claims under § 1983 that the decision to recoup the money—and various other actions during litigation—violated its due process rights. These are distinct claims.[21] The present issue is not whether plaintiff had to exhaust administrative remedies before it could dispute DHH's right to recoup the money. Instead, the issue is whether, because of the Medicaid Act's requirement that states establish administrative channels, plaintiff had to exhaust administrative remedies before it could file a § 1983 claim collaterally attacking DHH's actions.

Under federal law, a plaintiff need not exhaust his state administrative remedies before bringing a § 1983 claim, unless Congress creates an exception.

---

[21] This suit would not determine whether DHH was correct in claiming that plaintiff owed it $300,000.00; rather, it would determine whether DHH violated plaintiff's rights by recouping that money without a hearing and reversing/adopting administrative law judge decisions without reviewing them.

6

*Patsy v. Board of Regents*, 457 U.S. 496, 515 (1982).  Although federal courts have split, this Court agrees with those holding that there is no implicit or explicit exception in the language of the Medicaid Act.  *Alacare, Inc.-North v. Baggiano*, 785 F.2d 963, 970 (11th Cir. 1986), *cert. denied*, 479 U.S. 829 (1986); *see also Curtis v. Taylor,* 625 F.2d 645, 649 (5th Cir. 1980) (allowing plaintiffs to go forward without requiring exhaustion of state remedies); *but see St. Joseph Hosp. v. Elec. Data Sys. Corp.*, 573 F. Supp. 443, 450 (S.D. Tex. 1983) (finding that the Medicaid Act does impose an exhaustion requirement by requiring that states create an administrative review process).  Compellingly, the Supreme Court, in limiting exceptions to the no-exhaustion rule to those intended by Congress, noted that Congress understands that courts generally do not require exhaustion as a precondition of maintaining a § 1983 action.  *Patsy*, 457 U.S. at 508.  Thus, Congress could have written an exhaustion of state administrative remedies requirement into the Medicaid Act, or later included one by amendment.  Due to the absence of such language, a judicially imposed exhaustion requirement would, at best, be inconsistent with congressional intent; at worst, it would contradict that intent.  *See id.* at 513 (affirming that "legislative not judicial solutions are preferable").

In addition, to hold otherwise and require exhaustion would ignore one of the major purposes of § 1983: to provide a federal remedy that is "supplementary to the state remedy, and . . . [that] need not be first sought and refused before the federal one is invoked."  *Monroe v. Pape*, 365 U.S. 167, 183 (1961), *overruled on*

7

*other grounds by Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Therefore, without clear congressional intent, the Court will not find that a plaintiff must exhaust his state administrative remedies before seeking a supplemental federal remedy. The repercussions of such a finding would drastically reduce § 1983's designed protections.[22]

Because plaintiff did not have to exhaust state administrative remedies before filing the present § 1983 claim, it was not legally unable to act. Thus, under Louisiana law, plaintiff's § 1983 claim did not toll pending the administrative proceedings. *Harris*, 198 F.3d at 158. Consequentially, plaintiff should have filed the present action one year after the claims accrued. Under the most favorable construction of plaintiff's claims, they accrued one year after the last alleged due process violation in October 2004. The prescriptive period ended, therefore, in October 2005, meaning that plaintiff's § 1983 claims must be dismissed as time-barred.[23]

Having dismissed all claims over which the Court has original jurisdiction, the Court may decline to exercise jurisdiction over plaintiff's state tort claim. *See* 28 U.S.C. § 1367(c)(3). Because the remaining tort claim is not substantially similar to the § 1983 claim, this Court will not address it. Therefore, the Court will dismiss this claim without prejudice.

---

[22] This case provides an apt example: After nine years of fighting DHH's recoupment decisions, a plaintiff could lack the resources or desire to bring a §1983 claim. By allowing both claims to proceed simultaneously, a plaintiff can expeditiously protect itself and its rights.

[23] The Court is not ignorant to the hardships imposed by requiring the maintenance of dual suits or the initiation of a claim while injuries remain uncertain. However, revocation of that requirement is not for the Court, but the elected representatives of the Senate.

## Conclusion

The Court hereby finds that plaintiff's §1983 claims accrued, at the latest, in October 2004. Because filing administrative appeals did not toll these claims, the prescriptive period ended in October 2005.

Accordingly, regarding plaintiff's claims under § 1983, defendant's motion (doc. 3) to dismiss is GRANTED; regarding any state tort claims, the matter shall be REMANDED to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, this 25th day of September.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**